# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **PHILIP PATRICK,** | **Civil Action No. 18-410 (SDW)** |
| **Petitioner,** | |
| **v.** | **MEMORANDUM OPINION** |
| **THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al.,** | |
| **Respondents.** | |

IT APPEARING THAT:

1. On January 11, 2018, Petitioner, Philip Patrick, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he seeks to challenge his state court conviction and sentence. (ECF No. 1).

2. Because Petitioner has paid the appropriate filing fee, Rule 4 of the Rules Governing Section 2254 Cases requires the Court to screen Petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

3. Pursuant to 28 U.S.C. § 2254(b)(1), habeas relief may not be granted to an individual confined pursuant to an order of the state courts unless the petitioner has "exhausted the remedies available in the courts of the State," there is an absence of process in the state courts, or there are circumstances which render the state process ineffective. A petitioner generally satisfies this exhaustion requirement when he has presented each of his claims to the highest level of the state courts. *See Picard v. Connor*, 404 U.S. 270, 275 (1971); *Tinsley v. Johnson*, No. 10-3365, 2011

WL 5869605, at *3 (D.N.J. Nov. 22, 2011); *see also Ragland v. Barnes*, No. 14-7924, 2015 WL 1035428, at *1-3 (D.N.J. March 10, 2015). "Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies." *Tinsley*, 2011 WL 5869605 at *3; *see also* 28 U.S.C. § 2254(c). A New Jersey state prisoner will therefore only have properly exhausted his claims where he has presented all of his claims "to the Superior Court of New Jersey, Law and Appellate Divisions, and to the New Jersey Supreme Court." *Barnes*, 2015 WL 1035428 at *1.

4. In his habeas petition, Petitioner states that he was convicted and sentenced in 2014. (ECF No. 1 at 1). Petitioner appealed, and his conviction was affirmed in October 2016. (*Id.* at 2). The New Jersey Supreme Court thereafter denied certification on January 24, 2017. (*Id.* at 2-3). Petitioner thereafter filed a post-conviction relief petition in the state courts, which still remains pending before the PCR trial level court. (*Id.* at 3). While some of Petitioner's claims appear to have been exhausted on direct appeal, all of the ineffective assistance of counsel claims contained in his current petition appear to have been first presented to the state courts in his PCR petition, which remains pending at this time. Those claims have thus never been squarely presented to the Appellate Division or the New Jersey Supreme Court, and it is clear that Petitioner has failed to exhaust his ineffective assistance claims. As Petitioner has not otherwise shown that process is unavailable or ineffective in the state courts, and indeed suggests to the contrary to the extent he is pursuing PCR relief in the state courts, Petitioner's habeas petition is an unexhausted mixed petition. *Barnes*, 2015 WL 1035428 at *1-3.

5. Where a District Court is faced with a habeas petition that contains unexhausted claims, the District Court has four options: "(1) dismiss the petition without prejudice; (2) stay the proceedings and hold them in abeyance until the claims are exhausted; (3) allow [Petitioner] to

delete his unexhausted claims [and proceed on any exhausted claims presented in the petition]; and (4) deny the petition if [the District Court] found all of [Petitioner's] unexhausted claims to be meritless under § 2254(b)(2)." *Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014) (citing *Rhines v. Weber*, 544 U.S. 269, 274-78 (2005)). Because this Court cannot determine the merits of Petitioner's claims on the information contained in his habeas petition, this Court cannot deny his claims, and must either dismiss the petition, permit Petitioner to withdraw his unexhausted claims, or permit Petitioner to seek a stay of this matter pending exhaustion. A district court, however, may only grant a stay of an unexhausted or mixed petition in "limited circumstances." *Rhines*, 544 U.S. at 277. Specifically, the petitioner must have "good cause for his failure to exhaust, his unexhausted claims [must be] potentially meritorious, and there [can be] no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. Even where these requirements are met, a stay will generally only be warranted in those cases where a dismissal of the petition without prejudice would result in the petitioner being unable to timely file his habeas petition within the one year statute of limitations period. *See Crews v. Horn*, 360 F.3d 146, 152 (3d Cir. 2004) ("where an outright dismissal could jeopardize the timeliness of a collateral attack" a stay is appropriate); *Williams v. Walsh*, 411 F. App'x 459, 461 (3d Cir. 2011) ("[w]here the timeliness of a habeas corpus petition is at issue . . . a District Court has discretion to stay" the petition); *Ragland*, 2015 WL 1035428 at *2.

7. Here, Petitioner has provided no explanation for his filing of his habeas petition prior to the conclusion of his PCR litigation. At least three months of his one year limitation period remain[1] as his state court conviction did not become final until April 24, 2017, when the time for

---

[1] Because the habeas limitations period is statutorily tolled while a properly filed collateral attack is pending in the state courts, *see, e.g., Munchinski v. Wilson*, 694 F.3d 308, 327 (3d Cir. 2012), he may well have significantly more time remaining, and the at least three months which remain

the filing of a petition for certiorari expired following the denial of relief by the New Jersey Supreme Court. As such, this Court finds that Petitioner has not shown that a stay pending exhaustion would be warranted in this manner. *Crews*, 360 F.3d at 152; *Williams*, 411 F. App'x at 461; *Ragland*, 2015 WL 1035428 at *2. This Court will therefore dismiss Petitioner's current habeas petition without prejudice for lack of exhaustion. However, if Petitioner would prefer to proceed only on his unexhausted claims, he is free to delete his unexhausted claims and refile his habeas petition within thirty days.

8. Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion that Petitioner's ineffective assistance claims are unexhausted and that Petitioner's habeas petition should be dismissed without prejudice as a result, Petitioner's habeas petition is inadequate to

---

would not begin to run until his PCR litigation ceases to be pending before the state courts if his pending PCR petition were properly filed.

deserve encouragement to proceed further at this time, and Petitioner must be denied a certificate of appealability as to this Court's dismissal of his petition for lack of exhaustion.

9.  In conclusion, Petitioner's petition for a writ of habeas corpus (ECF No. 1) shall be DISMISSED WITHOUT PREJUDICE for lack of exhaustion, and Petitioner shall be DENIED a certificate of appealability.  If Petitioner wishes to refile his petition without his unexhausted claims, he may do so within thirty days.  An appropriate order follows.


Dated: January 18, 2018                          *s/ Susan D. Wigenton*
                                                 Hon. Susan D. Wigenton,
                                                 United States District Judge